LATHROP v. BAUBIE, *Appellant.*

DIVISION ONE.

**Trusts and Trustees:** APPOINTMENT OF SECOND TRUSTEE : COMPEN-SATION : REMOVAL. One who did no service and expended no money for his beneficiaries under his appointment as their trustee, but who by his acts repudiated his own character as such and affirmed the appointment of another as trustee, can claim no compensation from the beneficiaries of the trust for services rendered at the request of an agent of the last appointed trustee, and such claim will constitute no defense to an action by the latter to have him removed as nominal trustee, and that he convey his title as such to plaintiff.

*Appeal from Clinton Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*Ramey & Brown* and *J. F. Harwood* for appellant.

(1) Where a voluntary trust is once perfectly created, and the relation of trustee and *cestui que trust* is once established, it will be enforced though the settler has destroyed the deed or has attempted to revoke it by making a second voluntary settlement of the same property, or if the estate, by some accident, becomes revested in the settler. Perry on Trusts, sec. 104. (2) In England, where the trustee is not entitled to compensation for services, his expenses constitute a lien upon the estate, and he will not be compelled to

part with it until his disbursements are paid. Perry on Trusts, sec. 907, and cases cited. No conveyance will be ordered or allowed until he is repaid. *Duke v. Williamson*, 25 Beav. 622. If the trust fund is not sufficient for the reimbursement for the trustee he may call upon his beneficiary for reasonable compensation for time, trouble and money expended. Perry on Trusts, sec. 909, and cases cited. Trustees have an inherent equitable right to be reimbursed for all expenses which they reasonably and properly incur in the execution of the trust, and it is immaterial that there are no provisions for such expenses in the instrument of trust. Perry on Trusts, sec. 910, and cases cited. And in America the same rule is extended to compensation for time and personal services of trustee. Perry on Trusts, sec. 917, and cases cited; Story's Eq. Jur. [11 Ed.] secs. 1268, 1268a; *Barney v. Saunders*, 16 How. 535, 542. And in Missouri a trustee is entitled to have compensation out of the trust fund for such services as are in the line of the duties imposed upon him by the instrument creating the trust. *Tracy v. Railroad*, 13 Mo. App. 295; s. c., 84 Mo. 210. ( 3 ) Baubie's trust continues so long as he holds the legal title to the land, and his compensation being a charge upon it the statute of limitations can have no application. The property can only be taken from the trustee upon a full settlement of the matters pertaining to the trust. The beneficiaries can at most be entitled to a conveyance of a legal title as broad as their equitable one, which is subject to all charges upon the property in the hands of the trustee. The statute does not run against the enforcement of a continuing trust. *Kane v. Bloodgood*, 7 Johns. Ch. 110; *Bacon v. Rives*, 106 U. S. 99; *Seymour v. Freer*, 8 Wall. 202; *Russell v. Peyton*, 4 Bradw. 473.

*H. Lander* and *Wm. Henry* for respondent.

(1) No charge or lien will attach to the trust property in favor of a mere agent, for his commission

or compensation for services. Perry on Trusts [ 3 Ed.] sec. 907. ( 2 ) The evidence clearly sustains the findings of the trial court, and, even in equity, this court will not disturb the finding of facts by the lower court, unless there are cogent reasons for so doing. *Mathews v. O' Neill*, 94 Mo. 520, and cases there cited. ( 3 ) In this state the statutes of limitations apply to all civil actions, whether at law, or such as are cognizable only in equity. The former rulings on this subject have been changed. *Rogers v. Brown*, 61 Mo. 187 ; *Kelly v. Hurt*, 61 Mo. 463 ; *Kline v. Vogel*, 90 Mo. 239. But, even under the former ruling of this court, limitation would apply ; because Baubie's claim for services as an agent was simply so much money due, for which he could have sued at law. *Keeton's Heirs v. Keeton*, 20 Mo. 538. No " technical and continuing trust" ever attached to his claim for services. *Johnson v. Smith*, 27 Mo. 592 ; *Ricards v. Watkins*, 56 Mo. 553. All of Baubie's acts with reference to the trust property are clearly referable to his agency under Hunt, Godfrey & Co. Perry on Trusts [ 3 Ed.] sec. 261 ; *Balchen v. Scott*, 2 Ves. Jr. 678 ; *Carter v. Carter*, 10 B. Mon. 327 ; *Judson v. Gibbons*, 5 Wend. 224. ( 4 ) Baubie, at most, can only be viewed in the light of a dry or naked trustee whose duty it is to release to the beneficiaries, or to Lathrop who represents them, upon request. Perry on Trusts, secs. 351, 352, 520. See separate opinion of ADAMS in *Roberts v. Mosely*, 51 Mo. 287.

BRACE, J.—There is no dispute about the facts in this case. On the third of April, 1855, Edward M. Samuel and Samuel McCorkle, being then the owners in fee of the land on which the town of Cameron now stands, by deed of that date, conveyed the same to William G. Daniel in trust " for the benefit and profit" of Edward M. Samuel, Samuel McCorkle, Blair H. Mathews, George M. Smith and Michael F. Tiernan, "it being the intention of the company composed of

the above-named parties to lay off and establish a town on said lands ; and to avoid any difficulty, trouble or expense in the use, sale and conveyance of the aforesaid real estate, or any part thereof by reason of the death or removal of any of the members of said company, or from any cause whatever, the said William G. McDaniel is hereby constituted and appointed a trustee for said company, and the said trustee is hereby invested with full power and authority ( after he shall have signified his acceptance of the trust in writing and the same is duly acknowledged, and shall have entered into bonds to the company in the sum of $5,000, etc., to sell and convey all town and out-lots that may be laid off on said real estate, and to receive the purchase money therefor ; which town is to be known by the name of 'Cameron,' and any and every deed of conveyance so made by the said trustee shall be in the name of the 'Cameron Town Company;' such deeds from said trustee shall convey a title of fee simple with clause of general warranty to the purchaser or purchasers of lots sold as aforesaid.

"The said trustee shall, on the first day of January, A. D. 1856, and every year thereafter, render to anyone of the company a full and perfect statement of all moneys received by him for the sale of lots, together with a list of lots sold and the prices thereof, respectively, and shall pay over to each of the members of the company, or their legal representatives or assigns, the proportion to which they are entitled.

"The said trustee shall receive for his services as aforesaid a commission of five per cent. on all money received by him for sale of lots, and said trustee is to be reimbursed for all the costs of surveying lots, advertising, recorder's fees, and fees of clerks or justice for acknowledgments of deeds, and such other necessary expenses as may be incurred for the benefit of said company by their direction and authority, before distribution."

The deed then further provides that: "In the event of the death or removal from the county of Clinton to a place which, in the judgment of a majority of the members in interest of said company, would be too remote for said trustee to attend to the duties of his trust, or in case of his resignation, or if, from any other cause, said trustee, or his successor or successors, should, in the opinion of a majority of the members of said company, in interest, become disqualified for the performance of his duties as such trustee, the county court of Clinton county, Missouri, may, and is hereby requested, upon the application of any one member of the company, to appoint a prudent, sober, responsible and discreet man as his successor, who, when he shall have agreed in writing, properly acknowledged and recorded, faithfully to execute this trust, and shall have given bond with good and sufficient security, to be approved by said court, in the sum of $5,000, with the conditions contained in the bond of the trustee hereby appointed as aforesaid, shall have all the rights, privileges, powers and emoluments which are hereby conferred on the said William G. McDaniel, so that there shall never be any interruption or hindrance or delay in the sale or conveyance of the property hereby conveyed in trust.

"If the county court of Clinton county aforesaid refuse or fail to execute the request here made at any time, a majority of the company in interest, or the executors or administrators of such as may be dead, may, in person, or by agents or proxy duly authorized in writing, select a trustee on the above-named conditions. (If any one of the above-named company shall sell or convey the whole or any part of his interest in the property hereby conveyed in trust, the purchaser from him or them shall come into the company on the terms and conditions of this trust.)"

McDaniel accepted the trust created by said deed, and soon thereafter resigned, having done nothing as

trustee, and on the first day of September, 1856, the defendant Baubie was appointed by the county court of Clinton county successor to said McDaniel, and qualified as such. On the twelfth of May, 1860, John M. Forbes, John Duff and John W. Brooks, of Boston, Massachusetts, having purchased all the interests of the several beneficiaries in the lands conveyed in said deed of trust to McDaniel, conveyances were duly made by them of said real estate to John L. Lathrop, of Hannibal, Missouri, "in trust, nevertheless, for John M. Forbes, John Duff and John W. Brooks, of Massachusetts or the survivors or survivor of them, or of the survivors or survivor and such other persons as said survivors, under their hands and seals, shall associate with themselves to keep their number good in case of the death of either, and to be deeded and conveyed by him, from time to time, as sales may be made by them, or a majority of them, or by an agent or attorney of them, or a majority of them, duly authorized in writing over their hands and seals, or by himself, in like manner authorized, and subject to such modifications, alterations or termination of this trust as said *cestui que trust*, or a majority of them, may at any time by deed require and make."

Thereupon the plaintiff Lathrop entered upon the discharge of his duties as trustee under said deeds of conveyance from said beneficiaries, took control of the property, appointed Messrs. Hunt, Godfrey & Co., of Hannibal, Missouri, his sole agents, without power of substitution, to manage the same, and through them proceeded to carry out the purposes of the trust, making contracts for the sale of lots and executing deeds to the purchasers thereof in his own name as trustee. Hunt, Godfrey & Co., as his agents, looked after, paid taxes on and negotiated sales of the property, but all the transactions were carried on in the name of Lathrop, as trustee. The defendant, from the time of his appointment as trustee by the county court, in 1856, until the

year 1866, did nothing as trustee under his appointment, or in any other capacity, in regard to the property. In the latter year, upon his return to Cameron, from service in the army, he accepted from Hunt, Godfrey & Co. the local agency for the management of the property, and thereafter until the fall of 1874 (when Hunt died and the firm of Hunt, Godfrey & Co. was dissolved) conducted the business appertaining to the management of said property at Cameron, under the directions of said firm, in the name of Lathrop, trustee.

During his management of the business for Hunt, Godfrey & Co., the sales of the lots negotiated by him amounted to the sum of $33,488, five-per-cent. commission on which would amount to $1,674.40, and he paid out for hotel bills and music to induce sales the sum of $20, and for making sidewalks the sum of $30, and his services and expenses in relation to the assessment of taxes on the property were worth the sum of $125, on account of which he never received anything except the sum of $73.33, retained by him out of the proceeds of the sale of one lot. During the time the defendant was engaged in the sale of the lots all papers, contracts and deeds were signed by Lathrop, as trustee, and the notes for the purchase made payable to him. Defendant never, at any time, signed contracts or deeds as trustee or received money as such. The lots were sold for one-third cash, remainder in one and two years. When he sold a lot he remitted the cash payment to Hunt, Godfrey & Co., at Hannibal, Missouri, and received in return a contract executed by Lathrop, and two notes for deferred payments for the purchaser to execute, which notes, when executed, he forwarded to Hunt, Godfrey & Co., at Hannibal. When the money on account of these notes and interest was paid to him, he would forward the same to Hunt, Godfrey & Co., who would send him the purchaser's notes and a deed for the purchaser if the entire purchase money was paid. All reports of sales and remittances of money were

made by him to Hunt, Godfrey & Co.; no claim or demand was at any time made by him upon the plaintiff for payment of commission, service or expenses in the sale or management of the Cameron property before the answer was filed in this case, and no communication was had between them in regard to the property.

The plaintiff did not know that the defendant had ever been appointed trustee, or ever claimed to be such, until two or three years before the trial. The defendant was never employed by him as his agent; Hunt, Godfrey & Co. were his sole agents, with whom he made settlements at least once a year and sometimes oftener. After the dissolution of the firm of Hunt, Godfrey & Co. the plaintiff appointed other agents, and through them continued the sale and conveyance of lots to purchasers as before, up to the commencement of this suit. The beneficiaries reside in Boston, and the plaintiff has had the entire control of their interests in the premises. Before this suit was instituted, the defendant, at the request of some attorney or abstracter, executed some deeds to purchasers as trustee, for the purpose of perfecting their titles.

The plaintiff in his petition, after stating the facts alleging the insolvency of the defendant, a demand before the commencement of suit, that he convey to plaintiff the title acquired by him by virtue of his appointment as the successor of said McDaniel; a tender of all necessary and reasonable expenses for so doing; the hostile attitude of defendant to the title of plaintiff as trustee and of those claiming under him; the sale and conveyance of a large number of lots by plaintiff under his title, and that a large number of the lots remained unsold, prays that the defendant be removed as trustee under the appointment aforesaid, and that he convey the title acquired by him by virtue thereof to the plaintiff, and for general relief.

The defendant in his answer admits his appointment as trustee as aforesaid, and that the legal title to the

property is in him ; claims that as trustee he sold for said company $100,000 worth of the real estate described in plaintiff's petition, the proceeds of which were turned over to the members of said town company ; that he is entitled to five-per-cent. commission upon the amount of such sales, and for what they are indebted to him ; prays that an account may be taken, the amount due him ascertained and declared a lien upon the real estate remaining unsold, and upon payment thereof says he is willing to convey the title to said real estate to such person or persons as may be entitled thereto or as the court may direct. Plaintiff joined issue by replication on this claim of the defendant, in which he also set up the statute of limitations.

The case was sent to a referee for a finding of the facts ; to his report, no objections were made, and his finding was approved. Thereupon, the court found the issues for the plaintiff, and further found "that the claims made by the defendant for commissions, services and money paid out and reported by said referee were not earned, rendered or paid out by the defendant in his capacity of trustee under the trust deed of date April 3, 1855, made by Edward M. Samuel *et al.* to McDaniel, trustee, and under the provisions of which deed the defendant was appointed as successor of said McDaniel, and that said claim constitutes no lien, claim or charge on the trust property, and constitutes no defense to the relief demanded in plaintiff's petition ; " and thereupon rendered an appropriate decree in favor of the plaintiff as prayed for, from which the defendants appeal.

I.   No other finding than that of the trial court could have been made upon the evidence in this case, and that finding is in itself a complete answer to the argument of counsel in this court against the decree rendered in accordance therewith, in favor of the plaintiff, which proceeds solely upon the theory that the trustee is entitled to compensation for his service and expenses incurred as such trustee, in and about the

Lathrop v. Baubie.

trust property, before, in equity, he ought to be required to convey the legal title to his beneficiaries. Conceding the correctness of the proposition there is nothing in the evidence to bring this case within its terms. The defendant never did any service or expended a dollar for the beneficiaries as their trustee under his appointment as the successor of McDaniel. Whatever he did do in and about the property was as the agent of Hunt, Godfrey & Co., his very acts as such agent for eight years being a repudiation of his own character as trustee, and an affirmance of that of Lathrop, the plaintiff, as the true trustee, upon which idea he induced persons to pay their money to him as such agent and receive deeds from the plaintiff as such trustee. He may have a claim against Hunt, Godfrey & Co., for services rendered and money expended as their agent. But such a claim constitutes no defense to this action, and he cannot transfer such a claim to his credit on account of his stewardship as trustee whose duties he never performed, and whose right he never claimed until this suit was commenced.

II. That he thus repudiated his trust, held the plaintiff out to all with whom he had dealings in regard to the trust property as the real trustee of the legal title, thereby inducing them to part with their money and receive deeds from him as such trustee; and for thirty years himself neglected to discharge the duties of trustee under his appointment, offers ample grounds for his displacement from the nominal position which he holds under that appointment, and for the requirement of the decree that he convey whatever title he has in the property, acquired by virtue of such appointment, to the plaintiff, to be held by him in trust for the beneficiaries, and all those who have in good faith contracted with or taken conveyances from him upon the belief that the legal title was vested in him in trust for such beneficiaries.

The judgment of the circuit court is affirmed. All concur.